# Exhibit 10

21693-
236

At an I.A.S. Term, part 34 of the Supreme Court of the County of Suffolk held in the Suffolk Supreme Court in the city of Riverhead, New York on the 31st day of July, 2019.

PRESENT: HON. JOSEPH C. PASTORESSA
SUPREME COURT OF THE STATE OF NEW YORK
-------------------------------------------------------X
US BANK NA AS LEGAL TITLE TRUSTEE
FOR TRUMAN 2013 SC4 TITLE TRUST

**ORDER CONFIRMING REFEREE REPORT AND JUDGMENT OF FORECLOSURE AND SALE**

Plaintiff

vs

INDEX #: 066751/2014

GEORGIA CANDEMERES a/k/a GEORGIA
CANDEMERES-OTERO, ADMINISTRATOR
OF THE SMALL BUSINESS
ADMINISTRATION, AN AGENCY OF THE
GOVERNMENT OF THE UNITED STATES
OF AMERICA, STEVE CAPIELLO,
NICHOLAS CARUSILLO, ANTHONY
CARUSILLO, DEBBIE CARUSILLO,

MORTGAGED PREMISES:
195 MAYWOOD DRIVE
MASTIC BEACH, NY 11951

DSBL #: 0209 - 024.00 - 04.00 - 038.000 .
F/K/A DSBL #: 0200 - 980.40 - 07.00 - 038.000

Defendant(s)
-------------------------------------------------------X

**ENTERED: AUG 15 2019
AT: 228 am**

*no directive*

Upon the Summons, Complaint and Notice of Pendency filed in this action on August 22, 2014, Notice of Motion dated February 7, 2019, and the affirmation by Christine L. Fox, Esq. the affidavit of merit and amount due by Gloria A. Rocha who is Vice President of Rushmore Loan Management Services LLC, Appointed Attorney In fact for US Bank NA as Legal Title Trustee for Truman 2013 SC4 Title Trust, duly sworn to Crystal Michelle Hollins on March 13, 2018, together with exhibits annexed thereto, all in support of Plaintiff's motion for a Judgment of Foreclosure and Sale; and

Upon proof that each of the defendants herein was served with the Summons and Complaint, and voluntarily appeared personally or by an attorney and did not serve an answer to the Complaint or; failed to appear and the time to do so was not extended; and it appearing that

1

more than the legally required number of days elapsed since defendants Nicholas Carusillo, Anthony Carusillo, and Debbie Carusillo, who did not answer or appear were so served and/or appeared; and Plaintiff having established to the court's satisfaction that a judgment against defendants is warranted; and

Upon the affidavit of mailing reflecting compliance with CPLR §3215(g)(3)(iii); and

Upon proof that the defendants Georgia Candemeres a/k/a Georgia Candemeres Otero, Administrator of the Small Business Administration, an agency of the Government of the United States of America, Steve Capiello, Nicholas Carusillo, Anthony Carusillo, and Debbie Carusillo are not absent, in accordance with RPAPL § 1321(2); and

A Referee having been appointed to compute the amount due to Plaintiff upon the bond/note and mortgage set forth in the Complaint and to examine whether the mortgaged property can be sold in parcels; and

UPON reading and filing the Report of Donald Kitson, Esq. dated May 12, 2018, showing the sum of $321,114.50, due as of March 24, 2018, and that the mortgaged property may not be sold in parcels; and

Upon proof of due notice of this motion upon all parties entitled to receive same, and upon all the prior proceedings and papers filed herein;

NOW, on motion by Christine L. Fox, Esq., attorney for the Plaintiff, it is hereby

ORDERED, ADJUDGED AND DECREED that the motion is granted; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee's Report be, and the same is, hereby in all aspects ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED, that the mortgaged property described in the complaint and as hereafter described, or such part thereof as may be sufficient to discharge

2

the mortgage debt, the expense of the sale, and the costs of this action as provided by the RPAPL be sold, within 90 days of the date of this Judgment, in one parcel, at a public auction at the BROOKHAVEN TOWN HALL 1 INDEPENDENCE HILL FARMINGVILLE, NY 11738 and to the extent possible, at an unspecified time; by and under the direction of ~~Doug Kitson~~ John H. Lynch, Esq. 1372 motor pkwy., ste. 303 Islandia, NY 11749 (631)467-3233 ~~Esq. 222 Higbie Ln., West Bay Shore, NY 11706 (631) 286-0092~~, who is appointed Referee for that purpose; that said Referee give public notice of the time and place of sale in accordance with RPAPL § 231 in Brookhaven Review ; and it is further

ORDERED, ADJUDGED AND DECREED that by accepting this appointment, the referee certifies that he is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to § 36.2 (c) ("Disqualifications from Appointment") and § 36.2 (d) ("Limitations on appointments based upon compensation"); and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately notify the Appointing Judge; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee is prohibited from accepting or retaining any funds for himself or paying funds to himself without compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall conduct the foreclosure sale only if Plaintiff, its successors and/or assignees, or its representatives is present at the sale or the Referee has received a written bid and Terms of Sale from Plaintiff, its successors and/or assigns, or its representatives; and it is further

ORDERED, ADJUDGED AND DECREED that if the Referee cannot conduct the sale within 90 days of the date of the judgment, in accordance with CPLR § 2004, the time fixed by

3

RPAPL § 1351(1) is extended for the Referee to conduct the sale as soon as reasonably practicable; and it is further

ORDERED, ADJUDGED AND DECREED that at the time of sale the Referee shall accept a written bid from the Plaintiff or the Plaintiff's attorney, just as though Plaintiff were physically present to submit said bid; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall accept the highest bid offered by a bidder who shall be identified upon the court record, and shall require that the successful bidder immediately execute Terms of Sale for the purchase of the property, and pay to the Referee, in cash or certified or bank check, ten percent (10%) of the sum bid, unless the successful bidder is Plaintiff in which case no deposit against the purchase process shall be required; and it is further

ORDERED, ADJUDGED AND DECREED that, in the event the first successful bidder fails to execute the Terms of Sale immediately following the bidding upon the subject property or fails to immediately pay then percent (10%) deposit as required, the property shall immediately and on the same day be reoffered at auction; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall then deposit the down payment and proceeds of sale, as necessary, in Capital One in his/her own name as Referee, in accordance with CPLR § 2609; and it is further

ORDERED, ADJUDGED AND DECREED that after the property is sold, the Referee shall execute a deed to the purchaser, in accordance with RPAPL § 1353 and the terms of sale, which shall be deemed a binding contract; and it is further

ORDERED, ADJUDGED AND DECREED that, in the event a party other than the Plaintiff becomes the purchaser at the sale, the closing of title shall be held no later than 30 days

after the date of such sale unless otherwise stipulated by all parties to the sale; and it is further

ORDERED, ADJUDGED AND DECREED that, if Plaintiff (or its affiliate, as defined in paragraph (a) subdivision 1 of section six-l of the Banking Law) is the purchaser, such party shall place the property back on the market for sale or other occupancy: (a) within 180 days of the execution of the deed of sale, or (b) within 90 days of the completion of construction, renovation, or rehabilitation of the property, provided that such construction, renovation, or rehabilitation proceeded diligently to completion, whichever comes first, provided however, that a court of competent jurisdiction may grant an extension for good cause; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee, on receiving the proceeds of such sale, shall forthwith pay therefrom, in accordance with their priority according to law, all taxes, assessments, sewer rents, or water rates, which are, or may become, liens on the property at the time of sale, with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee then deposit the balance of said proceeds of sale in his/her own name as Referee in _Capital One_, and shall thereafter make the following payments in accordance with RPAPL § 1354, as follows:

FIRST: The Referee's statutory fees for conducting the sale, in accordance with CPLR § 8003(b), not to exceed $500.00 ~~unless the property sells for $50,000.00 or more OR in the event a sale was cancelled or postponed, Plaintiff shall compensate the Referee in the sum of $_____ for each adjournment or cancellation, unless the Referee caused the delay;~~

SECOND: All taxes, assessments and water rates that are liens upon the property and monies necessary to redeem the property from any sales for unpaid

5

taxes, assessments, or water rates that have not apparently become absolute, and any other amounts due in accordance with RPAPL § 1354(2). Purchaser shall be responsible for interest and penalties due on any real property taxes accruing after the sale. The Referee shall not be responsible for the payment of penalties or fees pursuant to this appointment. The purchaser shall hold the Referee harmless from any such penalties or fees assessed;

THIRD: The expenses of the sale and the advertising expenses as shown on the bills presented and certified by said Referee to be correct, duplicate copies of which shall be annexed to the report of sale.

FOURTH: The Referee shall also pay to the Plaintiff or its attorney the following:

**Amount Due per Referee's Report**. $321,114.50 with interest at the note rate from May 1, 2009 to March 24, 2018, together with any advances as provided for in the note and mortgage which Plaintiff has made for taxes, insurance, principal, and interest, and any other charges due to prior mortgages or to maintain the property pending consummation of this foreclosure sale, not previously included in the computation, upon presentation of receipts for said expenditures to the Referee, all together with interest thereon pursuant to the note and mortgage, and then with interest from the date of entry of this judgment at the statutory rate until the date the deed is transferred;

**Costs and Disbursements**. $ 2301.82 adjudged to the Plaintiff *S C. to compute* for costs and disbursements in this action, with interest at the statutory judgment rate from the date of entry of this judgment;

6

**Additional Allowance.** $0.00 is hereby awarded to Plaintiff in addition to costs, with interest at the statutory judgment rate from the date of entry of this judgment, pursuant to CPLR Article 83;

**Attorney Fees.** $~~6,400~~ *4,950* .00 is hereby awarded to Plaintiff as reasonable legal fees herein, with interest at the statutory rate from the date of entry of this judgment.

FIFTH: Surplus monies arising from the sale shall be paid into ~~court~~ *The Suffolk County Comptroller* by the officer conducting the sale within five days after receipt in accordance with RPAPL § 1354(4) and in accordance with local County rules regarding Surplus monies; and it is further

ORDERED, ADJUDGED AND DECREED that if the Plaintiff is the purchaser of the property, or in the event that the rights of the purchasers at such sale and the terms of sale under this judgment shall be assigned to and be acquired by the Plaintiff, and a valid assignment thereof is filed with said Referee, said Referee shall not require Plaintiff to pay in cash the entire amount bid at sale, but shall execute and deliver to the Plaintiff or its assignee, a deed or deeds of the property sold upon the payment to said Referee of the amounts specified in items marked "First", "Second" AND "Third" above; that the Referee shall allow the Plaintiff to pay the amounts specified in "Second" and "Third" above when it is recording the deed; that the balance of the bid, after deducting the amounts paid by the Plaintiff, shall be applied to the amount due Plaintiff as specified in paragraph "Fourth" above; that Plaintiff shall pay any surplus after applying the balance of the bid to the Referee, who shall deposit it in accordance with paragraph "Fifth" above; and it is further

ORDERED, ADJUDGED AND DECREED that all expenses of recording the Referee's deed, including real property transfer tax, which is not a lien upon the property at the time of

sale, shall be paid by the purchaser, not by the Referee from sale proceeds, and that any transfer tax shall be paid in accordance with Tax Law § 1404; and it is further

ORDERED, ADJUDGED AND DECREED that if the sale proceeds distributed in accordance with paragraphs "First", "Second", "Third", and "Fourth" above are insufficient to pay Plaintiff the Amount Due per the Referee's Report as set forth in paragraph "Fourth" above, Plaintiff may seek to recover a deficiency judgment against Georgia Candemeres a/k/a Georgia Candemeres Otero in accordance with RPAPL §1371 if permitted by law; and it is further

ORDERED, ADJUDGED AND DECREED that the property is sold in one parcel in "as is" physical order and condition, subject to any condition that an inspection of the property would disclose; any facts that an accurate survey of the property would show; any covenants, restrictions, declarations, reservations, easements, right of way, and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged property is located and possible violations of same; any rights of tenants or persons in possession of the subject property; prior liens of record, if any, except those liens addressed in RPAPL § 1354; any equity of redemption of the United States of America to redeem the property within 120 days from the date of sale; any rights pursuant to CPLR § 317, § 2003 and § 5015, or any appeal of the underlying action or additional litigation brought by any defendant on its successor or assignee contesting the validity of this foreclosure; and it is further

ORDERED, ADJUDGED AND DECREED that the purchaser be let into possession of the property upon production in hand of the Referee's Deed or upon personal service of the Referee's deed in accordance with CPLR § 308; and it is further

ORDERED, ADJUDGED AND DECREED that the Defendants in this action and all persons claiming through them and any person obtaining an interest in the property after the

Notice of Pendency are barred and foreclosed of all right, claim, lien, title, and interest in the property after the sale of the mortgaged property; and it is further

ORDERED, ADJUDGED AND DECREED that within 30 days after completing the sale and executing the proper conveyance to the purchaser, unless the time is extended by the court, the officer making the sale shall file with the clerk a report under oath of the disposition of the proceeds of the sale in accordance with RPAPL § 1355(1) and follow all local County rules regarding handling of Surplus Monies; and it is further

ORDERED, ADJUDGED AND DECREED that if the purchaser or purchasers at said sale default(s) upon the bid and/or the terms of sale the Referee may place the property for resale without prior application to the Court unless Plaintiff's attorneys shall elect to make such application; and it is further

ORDERED, ADJUDGED AND DECREED that Plaintiff shall serve a copy of this Judgment with Notice of Entry upon the owner of the equity of redemption, any tenants named in this action, and any other parties entitled to service, including the Referee appointed herein; and it is further.

ORDERED, ADJUDGED AND DECREED that nothing herein shall be deemed to relieve the Plaintiff of any obligation imposed by RPAPL §1307 and RPAPL § 1308 to secure and maintain the property until such time as ownership of the property has been transferred and the deed duly recorded; and it is further

ORDERED, ADJUDGED AND DECREED that, when the Referee files a report of sale, he or she shall concurrently file a Foreclosure Action Surplus Monies Form; and it is further

ORDERED, ADJUDGED AND DECREED that to ensure compliance herewith, Plaintiff shall file a written report with the court within six months from the date of entry of this judgment

9

## Schedule A - Legal Description

District 0209, Section 024.00 Block 04.00 and Lot 038.000
f/k/a District 0200, Section 980.40 Block 07.00 and Lot 038.000

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Town of Brookhaven, County of Suffolk and State of New York, known and designated as and by Lots Nos. 2985, 2986, 2987, 2988, 2989, 2990 on a certain map entitled, "Sixth Map of Mastic Beach" and filed in the Office of the Clerk of the County of Suffolk on November 10, 1932 as Map No. 1105.

stating whether the sale has occurred and the outcome thereof; and it is further

ORDERED, ADJUDGED, AND DECREED, that the Referee appointed herein shall file the completed and signed Foreclosure Surplus Monies Form, in accordance with the Suffolk County Administrative Order #41-43, with both the Suffolk County Clerk and the Supreme Court Calendar Clerk within 30 days of the foreclosure sale date; and it is further

Said property is commonly known as **195 MAYWOOD DRIVE, MASTIC BEACH, NY 11951**.

The legal description of the mortgaged property referred to herein is annexed hereto as Schedule A.

Dated: ~~Riverhead, New York~~

ENTER,

HON. JOSEPH C. PASTORESSA
JUSTICE OF THE SUPREME COURT

GRANTED
JUL 3 1 2019
JUDITH A. PASCALE
Clerk of Suffolk County

*Judith A. Pascale*

10

FILED

2019 AUG 15 P 2: 28

JUDITH A. PASCALE
SUFFOLK COUNTY CLERK

# FOR INFORMATION ONLY FROM THIS PAGE ON

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
----------------------------------------------------------------X
US BANK NA AS LEGAL TITLE TRUSTEE     **COSTS OF PLAINTIFF**
FOR TRUMAN 2013 SC4 TITLE TRUST

             Plaintiff,
vs

                                        INDEX #: 066751/2014

GEORGIA CANDEMERES a/k/a GEORGIA
CANDEMERES-OTERO, ADMINISTRATOR     MORTGAGED PREMISES:
OF THE SMALL BUSINESS     195 MAYWOOD DRIVE
ADMINISTRATION, AN AGENCY OF THE     MASTIC BEACH, NY 11951
GOVERNMENT OF THE UNITED STATES
OF AMERICA, STEVE CAPIELLO,     DSBL #: 0209 - 024.00 - 04.00 -
NICHOLAS CARUSILLO, ANTHONY     038.000
CARUSILLO, DEBBIE CARUSILLO,     F/K/A DSBL #: 0200 - 980.40 - 07.00 -
                                                       038.000

          Defendant(s).
----------------------------------------------------------------X

## COSTS

| | |
|---|---|
| Costs before Note of Issue - CPLR §8201(1) | $200.00 |
| Allowance by statute - CPLR §8302(a) (b) | |
|      First $200.00 at 10%     $20.00 | |
|      Next $800.00 at 5%     $40.00 | |
|      Next $2000.00 at 2%     $40.00 | |
|      Next $5000.00 at 1%     $50.00 | $150.00 |
| Additional allowance - CPLR §8302(d) | $50.00 |
| Costs on motion - CPLR §8303(a) (1) | $0.00 |

[Stamp: COST TAXED AT $2301.82 TIME_____ DAY OF_____ AUG 1 5 2019 JUDITH A. PASCALE CLERK OF SUFFOLK COUNTY]

### FEES AND DISBURSEMENTS

| | |
|---|---|
| Fee for index number - CPLR 8018(a) | $400.00 |
| Referee's fee to compute, per order of the court - CPLR 8003(a) | $250.00 |
| Paid for searches - CPLR 8301(a) (10) | $581.82 |
| Serving copy of Summons and Complaint - CPLR 8301(d) | $0.00 |
| Reproduction costs - CPLR 8301(a)(12) | $0.00 |
| Fees for publication of Summons - CPLR 8301(a)(3) | $0.00 |
| Certified copies of papers - CPLR 8301(a)(4) | $0.00 |
| Request for judicial intervention | $95.00 |
| Clerk's fee for filing of Notice of Pendency - CPLR 8018(d)(6), | $440.00 |

8021(a)(10)
Motion fees $135.00
Note of Issue $0.00

Total: **$2,301.82**

FILED

2019 AUG 15 P 2: 28

JUDITH A. PASCALE
SUFFOLK COUNTY CLERK